## SCHAEFFER v. HOFMANN.

### No. 15,382; September 29, 1894.

37 Pac. 932.

Quieting Title.—In an Action to Quiet Title to Lands, where no mortgage lien is claimed, and where the answer pleads possession under a contract of sale, and offers payment of the amount due, a judgment declaring the amount due to be a mortgage on the land will be reversed as not warranted by the pleadings.

Quieting Title.—Plaintiff, by a Verbal Contract with Defendant, agreed to convey certain lands to him within five years on the pay-

ment of a certain sum. Defendant went into possession, and made improvements. Held, in an action to quiet title, that equity would require plaintiff to convey on payment of the amount due within a specified time, in default of which his title would be quieted.[1]

Costs on Appeal from Two Improper Judgments which, if enforced, would have cast heavy expense on the appellant, are properly chargeable to respondent.

APPEAL from Superior Court, Napa County; E. D. Ham, Judge.

Action by Caspar Schaeffer against Conrad Hofmann to quiet title to land. There was a personal judgment for plaintiff for a specific sum, and a final judgment making such sum a mortgage lien on the land. Said Hofmann having died, Ida Hofmann, his administratrix, was substituted as defendant, and she appeals. Reversed.

F. E. Johnson for appellant; H. M. Barstow for respondent.

SEARLS, C.—This action is brought to quiet the title of plaintiff and to procure him to be restored to possession of a tract of land containing about ten acres, situate in Pope valley, county of Napa. Defendant answered, denying the allegations of plaintiff as to his right to possession of the premises; admitted that he (the said defendant) was in possession; and by way of cross-complaint set out that on the fifth day of September, 1884, plaintiff and defendant entered into a verbal agreement by which plaintiff agreed to sell to him the land upon the payment by defendant to him of $150, with interest at eight per cent, within five years, to convey the same to defendant, etc.; defendant was to take possession of the land at once, and retain the same until payment and conveyance; that defendant entered into possession, cleared the land, fenced it, erected a house and planted a vineyard and orchard thereon, etc.; that defendant has always been ready and willing, and is now anxious, to pay the purchase money, and offers to pay the same into court, and asks that plaintiff be decreed to execute a deed, etc. Plaintiff answered the cross-

---

[1] Cited and followed in Bates v. Loffler (S. D.), 133 N. W. 287, a case where the purchaser had made all the payments contracted for except the last one, and the vendor had not in his complaint alleged damage by reason of the breach.

complaint, claiming, in substance, that the consideration to be paid by the defendant for the land was $650, with interest, $100 of which he admitted had been paid. The cause was tried by the court, and written findings waived. An interlocutory decree was entered, decreeing the defendant to be entitled to a deed of the land from plaintiff upon payment of the sum of money due as purchase money and interest, and referring the question of the amount due to the court commissioner to take testimony and report. The court commissioner reported the sum of $594.28 due plaintiff from defendant. Thereupon, on the thirtieth day of January, 1893, an ordinary common-law judgment was entered in favor of plaintiff, and against defendant, for said sum of $594.28 Thereafter, on the thirteenth day of February, 1893, a decree was duly filed, but which decree purports to have been signed January 30, 1893. By this decree, omitting the formal parts, it was decreed that the sum of $594.28 due plaintiff was secured by a lien upon the land, and constituted a valid mortgage thereon, and which mortgage was ordered foreclosed, and the property sold, etc., as in ordinary cases of foreclosure sale. Defendant departed this life, and the administratrix of his estate, having been substituted as a party defendant, appeals from both judgments.

The cause comes up on the judgment-roll. It is conceded by both parties that the personal judgment was improperly entered, and hence should be reversed, annulled and set aside. As to the final decree the position of appellant is (1) that the first judgment was final, and, although not warranted by the pleadings, was valid upon its face, and no other or further judgment could be entered while it remained in force; (2) that the final decree entered February 13, 1893, holding the demand of plaintiff to be a valid and subsisting mortgage, and foreclosing the same, was not warranted by the pleadings.

It may be remarked that plaintiff, in his complaint, asked that his title be quieted. The defendant averred a contract for the purchase of the property by him, and averred a willingness to pay. Plaintiff admitted this, and practically the only difference between them was as to the amount due as purchase money. Under these circumstances, we agree with what is said by appellant in the opening brief, viz.: "The court should have directed the respondent to execute the necessary

conveyance upon receiving the purchase money within a limited time, and, if appellant's intestate should fail to make payment within that time, then the respondent's title be quieted, and we have possession. There would have been some equity in this kind of a judgment.'' We may add that there would have been complete equity in such a decree. Counsel for respondent replies: ''I agree with appellant that the proper judgment to have been entered is one directing the payment by the appellant within a given period, say thirty days, of the amount found due from him, and, in default of such payment, that respondent's title be quieted.''

Counsel for respondent claims that the judgment as rendered was more favorable to appellant than that to which her intestate was entitled, and hence that the costs of the appeal should be assessed against her. There were two improper judgments rendered against appellant's intestate. Upon the first of them an execution might have been levied upon, and enforced against, the property of the judgment debtor. Upon the other, the expenses of a sale would have been cast upon the property of the estate represented by the appellant; or, if she paid the demand, she would have been left without the muniment of title to which, on such payment, she was entitled. It was her right to avoid these disadvantages, and it could only be done by an appeal, the costs of which should not be visited upon appellant. Appellant in her reply brief urges that a new trial should be granted because of the improper allowance of some item of interest. It cannot be said from the judgment-roll that there is any just ground for this contention.

The personal judgment of January 30, 1893, appealed from, should be reversed, set aside and annulled. The final decree of foreclosure, filed February 13, 1893, appealed from, should be reversed, and the court below directed to enter a decree requiring the respondent to execute a proper deed of conveyance to appellant as administratrix of the estate of Conrad Hofmann, deceased, of the property in dispute, upon the payment to him by appellant of the sum of $594.28, with interest thereon from July 29, 1891, at seven per cent per annum, within sixty days from the entry of such decree, and, if the appellant shall fail for sixty days to make such payment, that then and in that event the title of respondent to said land

and premises be quieted, and that he be restored to the possession thereof.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the personal judgment of January 30, 1893, appealed from, is reversed, set aside and annulled. The final decree of foreclosure filed February 13, 1893, appealed from, is reversed, and the court below directed to enter a decree requiring the respondent to execute a proper deed of conveyance to appellant as administratrix of the estate of Conrad Hofmann, deceased, of the property in dispute, upon the payment to him by appellant of the sum of $594.28, with interest thereon from July 29, 1891, at seven per cent per annum, within sixty days from the entry of such decree, and, if the appellant shall fail for sixty days to make such payment, that then and in that event the title of respondent to said land and premises be quieted, and that he be restored to the possession thereof.